# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4000 | **DATE** | 6/12/2012 |
| **CASE TITLE** | Bobby Ford (#N-20126) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. The plaintiff is granted thirty days in which to: (1) pay the full statutory filing fee of $350.00; (2) submit an amended complaint (plus a judge's copy and service copies) limited to a single claim; and (3) show cause why this case should not be summarily dismissed for failure of the plaintiff to disclose his litigation history. Failure to comply with these directives within thirty days will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues officials at the Cook County Jail over the conditions in the jail's protective custody unit, for alleged retaliation, and for excessive force; he sues Chicago police for falsely arresting him; he sues Cook County State's Attorneys for malicious prosecution; and he sues his public defender for ineffective representation.

The plaintiff seeks leave to proceed *in forma pauperis*. However, a review of U.S. PACER ("Public Access to Electronic Court Records") reveals that the plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Mr. Ford's previous federal actions, all of which were filed while he was incarcerated or detained, have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim **(CONTINUED)**

mjm

| STATEMENT |
|---|

upon which relief may be granted. *See, e.g., Ford v. Page*, Case No. 99 C 8465 (N.D. Ill.), dismissed by Minute Order of April 18, 2000 (Leinenweber, J.); *Ford v. Walker*, Case No. 07 C 1184 (C.D. Ill.), dismissed by Order of September 6, 2007 (Baker, J.); and *Ford v. Ryker*, Case No. 10 C 0830 (S.D. Ill.), dismissed by Order of March 4, 2011 (Murphy, J.).

The plaintiff's current complaint does not involve imminent danger of serious physical injury. The plaintiff flatly asserts that he "face[s] imminent danger of <u>dying</u> in prison for a[n] offen[se] I did not commit." (Complaint, p. 23, emphasis in original). That prospect, of course, does not qualify as an exception to Section 1915(g). The validity of the plaintiff's conviction is not--and cannot--be the subject of this civil rights action. The plaintiff must file a petition for a writ of habeas corpus if he wishes to challenge his conviction. As the plaintiff is currently serving an eleven-year sentence in the custody of the Illinois Department of Corrections, he faces no imminent danger of mistreatment by Cook County Jail officials or Chicago police officers. Consequently, 28 U.S.C. § 1915(g) bars him from proceeding without the full prepayment of the $350.00 filing fee. The plaintiff's motion for leave to file *in forma pauperis* is therefore denied pursuant to 28 U.S.C. § 1915(g).

In addition, the plaintiff must submit an amended complaint, as the document on file contains misjoined claims and defendants. As judges in the Northern, Central, and Southern District of Illinois have repeatedly admonished the plaintiff, separate claims against unrelated defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The plaintiff's sprawling complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606. The plaintiff must choose a single, core claim to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

The amended complaint must also drop James Simon and Keith Walker as co-plaintiffs. Neither purported co-plaintiff either the signed the original complaint or filed an i.f.p. application; the plaintiff was unable to provide even an inmate registration number for Mr. Walker. The amended complaint must be limited to alleged constitutional violations Mr. Ford himself personally experienced.

The plaintiff is granted thirty days from the date of this order to submit an amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff, a highly experienced litigator who should be very familiar with the court's rules, provided no copies of his 81-page complaint or other initiating documents.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

| STATEMENT (continued) |
|---|

    As a final concern, the plaintiff is ordered to show good cause in writing why this case should not be dismissed with prejudice for failure of the plaintiff to disclose his litigation history. The court's civil rights complaint form instructed the plaintiff to list all previous lawsuits, on pain of dismissal. (Complaint, p. 3.) The plaintiff, however, simply wrote "unknown," and "I can't recall all the one's I file." (*Id.*) The plaintiff made no attempt whatsoever to identify a single one of his twenty-four prior federal lawsuits--including a case that went to trial less than three weeks ago. The U.S. Court of Appeals for the Seventh Circuit has affirmed dismissal for failure of an inmate plaintiff to fully divulge his litigation history. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). Accordingly, in light of the plaintiff's disregard of this requirement and other basic filing requirements, he is ordered to show good cause in writing why this case should not be dismissed for perpetration of an effective "fraud" on the court. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

    For the foregoing reasons, the plaintiff is ordered to: (1) pay the full $350.00 filing fee; (2) submit an amended complaint limited to a single, core claim; and (3) show good cause in writing why this case should not be dismissed for failure to disclose litigation history. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions. Failure to comply within thirty days will result in dismissal of this case. The plaintiff is once again reminded that he must provide the court with the original plus a judge's copy of every document filed.