# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4000 | **DATE** | 7/13/2012 |
| **CASE TITLE** | Bobby Ford (#N-20126) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for order to show cause [#6] is granted. The plaintiff having explained that he did not intend to defraud the court, the order to show cause is discharged. The plaintiff is granted an additional twenty-one days from the date of this order in which to: (1) pay the full statutory filing fee of $350.00; and (2) submit an amended complaint (plus a judge's copy and service copies) limited to a single claim. Failure to comply within twenty-one days will result in summary dismissal of this case.

■ **[For further details see text below.]**                                                                 **Docketing to mail notices.**

## STATEMENT

The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues officials at the Cook County Jail over the conditions in the jail's protective custody unit, for alleged retaliation, and for excessive force; he sues Chicago police for falsely arresting him; he sues Cook County State's Attorneys for malicious prosecution; and he sues his public defender for ineffective representation.

In response to the court's show cause order, *see* Minute Order of June 12, 2012, the plaintiff explains that he did not intend to defraud the court, but rather that he suffers from memory loss. Accordingly, the order to show cause is discharged. The court will grant the plaintiff the benefit of the doubt.

However, the plaintiff's request to reconsider *in forma pauperis* under the imminent danger exception to 28 U.S.C. § 1915(g) is denied. Although it is most regrettable that the plaintiff is suffering from AIDS, his medical condition is unrelated either to any of the claims raised in this lawsuit or to the named defendants. The plaintiff is currently in the custody of the Illinois Department of Corrections, serving an eleven-year sentence at the Pinckneyville Correctional Center. He therefore faces no imminent danger of serious physical injury at the hands of Cook County Jail officials, Chicago police officers, or the Cook County court system. Consequently, 28 U.S.C. § 1915(g) bars him from proceeding without the full prepayment of the $350.00 filing fee.
**(CONTINUED)**

mjm

## STATEMENT

Finally, the court cannot prospectively advise the plaintiff whether it would be worth his while to amend. Federal courts do not have the power to render advisory opinions. *See, e.g., Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 999 (7th Cir. 2011); *In re Airadigm Communications, Inc.*, 616 F.3d 642, 654 (7th Cir. 2010) (citations omitted). The plaintiff, a highly experienced litigator, must conduct some basic legal research to determine whether and which claims to pursue.

For the foregoing reasons, the order to show cause is discharged. The plaintiff is directed to: (1) pay the full $350.00 filing fee; and (2) submit an amended complaint (plus judge's and service copies) limited to a single, core claim within twenty-one days of the date of this order, as discussed more fully in the court's Minute Order of June 12, 2012. Failure to comply within twenty-one days will result in dismissal of this case.